UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY GOBER<br><br>Defendant. | No. 1:22-cr-00326-TLN-BAM<br><br>**ORDER** |

This matter is before the Court on Defendant Jeremy Gober's ("Defendant") Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 67.) The Government filed a statement of non-opposition. (ECF No. 77.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On November 6, 2023, Defendant pleaded guilty to one count of health care fraud in violation of 18 U.S.C. § 1347 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1). (ECF No. 44.) On June 5, 2024, the Court sentenced Defendant to a 46-month term of imprisonment to be followed by a 36-month term of supervised release and ordered Defendant to pay $587,000 in restitution. (ECF No. 63.) Defendant's projected release date is March 22, 2026. (ECF No. 67-3 at 3.)

On March 18, 2025, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 67.) Defendant requests the Court reduce his term of imprisonment to time served due to Defendant's severe medical problems involving a 10-centimeter cancerous rectal mass. (*Id*. at 1.)

## II. ANALYSIS

### A. Exhaustion

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, Defendant made a compassionate release request to the warden on February 7, 2025. (ECF No. 67-1 at 2.) The warden denied Defendant's request on February 13, 2025. (*Id.* at 3.) Because 30 days have passed since February 7, 2025, it is undisputed Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

### B. Extraordinary and Compelling Reasons

Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is

2

1  "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C.
2  § 3582(c)(1)(A).  The Ninth Circuit recently held that "the current version of U.S.S.G. § 1B1.13
3  is not an 'applicable policy statement[ ]' for 18 U.S.C. § 3582(c)(1)(A) motions filed by a
4  defendant."  *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  The Ninth Circuit
5  explained "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district
6  court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding."  *Id.*
7  Accordingly, the Court relies on § 1B1.13 herein as persuasive authority.
8      The Sentencing Commission's relevant policy statement on compassionate release
9  identifies medical conditions that satisfy the "extraordinary and compelling" requirement.
10  U.S.S.G. § 1B1.13(b).  More specifically, the "extraordinary and compelling" requirement is met
11  where a defendant is: (i) suffering from a terminal illness; or (ii) suffering from a serious physical
12  or medical condition, serious functional or cognitive impairment, or deteriorating physical or
13  mental health because of the aging process, "that substantially diminishes the ability of the
14  defendant to provide self-care within the environment of a correctional facility and from which he
15  or she is not expected to recover."  *Id.*
16      Here, Defendant argues he is suffering from a serious medical condition and has received
17  inadequate medical care.  (ECF No. 67 at 8.)  Defendant has a history of cancer, was diagnosed
18  with Lynch Syndrome, and has a 10-centimeter tumor in his rectum, returning as colorectal
19  cancer.  (*Id*.)  Defendant contends after BOP medical staff indicated Defendant needed a
20  colonoscopy, it took the medical staff over five and a half months to get Defendant the needed
21  procedure.  (*Id*.)  Defendant argues he needs treatment and nothing has been done since finding
22  the cancerous tumor to get him to an oncologist or prepared for surgery.  (*Id*.)  In its non-
23  opposition, the Government acknowledges Defendant was recently diagnosed with a serious
24  disease.  (ECF No. 77 at 1.)  The Court finds Defendant's severe medical condition, supported by
25  medical records, presents extraordinary and compelling reasons for compassionate release.
26          C.      Section 3553(a) Factors
27      The Court must also consider the 18 U.S.C. § 3553(a) factors before granting
28  compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A).  Defendant argues he is a non-violent

3

offender. (ECF No. 67 at 9.) Further, Defendant notes he has served a large portion of his sentence and is now restricted by medical conditions. (*Id*.) Finally, Defendant contends he has been deterred from committing further crimes and has behaved well while incarcerated. (*Id*.) The Government does not discuss the § 3553(a) factors and instead acknowledges Defendant does not have a significant criminal history and has completed most of his sentence. (ECF No. 77 at 1.) In light of this, and in light of Defendant's debilitating medical conditions, the Court finds the § 3553(a) factors support a reduction to time served.

### III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Defendant's Motion for Compassionate Release. (ECF No. 67.) Accordingly, the Court modifies Defendant's sentence of imprisonment to time served. All other terms and conditions previously imposed, including restitution payments, remain in full force and effect. Defendant shall serve a copy of this Order on the warden of his facility, forthwith. Defendant shall be released only after all release plans are in place.

IT IS SO ORDERED.

DATED: April 28, 2025

Troy L. Nunley
Chief United States District Judge